IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv241

| | |
|---|---|
| KATHERINE MARIE CYR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence. [Doc. 13].

Plaintiff's counsel seeks to have his assertion that a later favorable decision was entered for his client, received as new and material evidence. He does not bother to submit the actual decision. His assertion is not evidence. For those reasons alone, his motion is denied.

Plaintiff's instant filing is the latest in a string of her counsel's attempts to put extra-record evidence before this Court. Neither in this, nor in any of those instances has counsel demonstrated an awareness of the procedural requirements that constrain a district court with regard to extra-record evidence. As to the substantive requirements, when counsel has a later favorable decision that he wants the Court to review, only

sometimes does he submit it,[1] and typically he makes the simple assertion that it is his belief that an Agency regulation *compels* this Court to consider *any* later favorable decision. Counsel, however, cites to no authority supporting such a proposition.

Plaintiff's counsel made a very similar motion before this Court in Jackson v. Astrue, 1:09cv467. As discussed in the Court's order in that case, a motion based on mew and material evidence or newly discovered evidence under Rule 60 must meet some very particular criteria in order to be considered. Plaintiff has not even attempted to articulate to this Court how the decision comes within that criteria. Therefore, for the same reasons as stated in this Court's Order entered July 12, 2011 [Doc. 26] in Jackson, Plaintiff's motion is denied.

For the reasons stated in this Court's Order entered July 12, 2011 in Jackson v. Astrue, 1:09cv467, Plaintiff's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence [Doc. 13] is **DENIED**.

Signed: August 10, 2011

Martin Reidinger
United States District Judge

---

[1] This is not the first instance in which he has claimed the existence of a later favorable decision but not submitted it.